# EXHIBIT A

Delaware.gov | Text Only

Governor | General Assembly | Courts | Elected Officials | State Agencies

JOHN DICKINSON PLANTATION | PHOTO BY JEFFREY BOYER

**Department of State: Division of Corporations**

| | |
|---|---|
| HOME | Frequently Asked Questions   View Search Results |
| About Agency | |
| Secretary's Letter | |
| Newsroom | |

### Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 4652232 | Incorporation Date / Formation Date: | 02/04/2009 (mm/dd/yyyy) |
| Entity Name: | FPI MB ENTERTAINMENT LLC | | |
| Entity Kind: | LIMITED LIABILITY COMPANY (LLC) | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | THE CORPORATION TRUST COMPANY |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE STREET |
| City: | WILMINGTON |
| County: | NEW CASTLE |
| State: | DE |
| Postal Code: | 19801 |
| Phone: | (302)658-7581 |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status, Tax & History Information  [Submit]

[Back to Entity Search]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov

**Left sidebar:**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

# Exhibit B



1 of 1 DOCUMENT

DELAWARE CODE ANNOTATED
Copyright 2010 by The State of Delaware
All rights reserved.

\*\*\* THIS DOCUMENT IS CURRENT THROUGH 77 DEL. LAWS, CH. 253 \*\*\*
\*\*\* ANNOTATIONS CURRENT THROUGH April 23, 2010 \*\*\*

TITLE 6. COMMERCE AND TRADE
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
CHAPTER 18. LIMITED LIABILITY COMPANY ACT
SUBCHAPTER I. GENERAL PROVISIONS

**GO TO DELAWARE STATUTES ARCHIVE DIRECTORY**

*6 Del. C. § 18-105* (2010)

§ 18-105. Service of process on domestic limited liability companies

(a) Service of legal process upon any domestic limited liability company shall be made by delivering a copy personally to any manager of the limited liability company in the State of Delaware or the registered agent of the limited liability company in the State of Delaware, or by leaving it at the dwelling house or usual place of abode in the State of Delaware of any such manager or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the limited liability company in the State of Delaware. If the registered agent be a corporation, service of process upon it as such may be made by serving, in the State of Delaware, a copy thereof on the president, vice-president, secretary, assistant secretary or any director of the corporate registered agent. Service by copy left at the dwelling house or usual place of abode of a manager or registered agent, or at the registered office or other place of business of the limited liability company in the State of Delaware, to be effective, must be delivered thereat at least 6 days before the return date of the process, and in the presence of an adult person, and the officer serving the process shall distinctly state the manner of service in the officer's return thereto. Process returnable forthwith must be delivered personally to the manager or registered agent.

(b) In case the officer whose duty it is to serve legal process cannot by due diligence serve the process in any manner provided for by subsection (a) of this section, it shall be lawful to serve the process against the limited liability company upon the Secretary of State, and such service shall be as effectual for all intents and purposes as if made in any of the ways provided for in subsection (a) of this section. In the event that service is effected through the Secretary of State in accordance with this subsection, the Secretary of State shall forthwith notify the limited liability company by letter, certified mail, return receipt requested, directed to the limited liability company at its address as it appears on the records relating to such limited liability company on file with the Secretary of State or, if no such address appears, at its last registered office. Such letter shall enclose a copy of the process and any other papers served on the Secretary of State pursuant to this subsection. It shall be the duty of the plaintiff in the event of such service to serve process and any other papers in duplicate, to notify the Secretary of State that service is being effected pursuant to this subsection, and to pay the Secretary of State the sum of $ 50 for the use of the State of Delaware, which sum shall be taxed as part of the costs in the proceeding if the plaintiff shall prevail therein. The Secretary of State shall maintain an alphabetical record of any such service setting forth the name of the plaintiff and defendant, the title, docket number and nature of the proceeding in which process has been served upon the Secretary, the fact that service has been effected pursuant to this subsection, the return date thereof, and the day and hour when the service was made. The Secretary of State shall not

be required to retain such information for a period longer than 5 years from the Secretary's receipt of the service of process.

**HISTORY:** 68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 186, § 1.

**NOTES:**

**LexisNexis 50 State Surveys, Legislation & Regulations**

    Limited Liability Companies

USER NOTE: For more generally applicable notes, see notes under the first section of this subchapter, chapter, subtitle or title.

# Exhibit C

Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Attorneys for Plaintiff Tetra Financial Group, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FPI MB ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | **DECLARATION OF BRENT SKOUSEN**<br><br>Case No. 2:09-cv-816<br><br>Judge Kimball |

I, Brent Skousen, state as follows:

1. I am over 18 years of age, give the following testimony based on my personal knowledge, and am competent to testify thereto.

2. I am the Controller of Tetra Financial Group, LLC ("TFG").

3. TFG entered a Master Lease Agreement dated November 27, 2007 and Amended and Restated Lease Schedule No. 1 dated July 17, 2008 (together, the "Lease") with HRP Myrtle Beach Operations, LLC ("HRP"). The Lease had a monthly base rent payment of $292,258.40.

4. On or about September 24, 2008, HRP filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware.

5. In connection with the HRP bankruptcy, Defendant FPI MB Entertainment, LLC ("Defendant FPI") acquired substantially all of the assets of HRP.

6. Defendant FPI, pursuant to the Bankruptcy Court's assumption and assignment order, assumed the Lease as of March 6, 2009.

7. On August 1, 2009, Defendant FPI breached, and defaulted on the Lease (the "Default").

8. Upon Defendant FPI's breach of the Lease, TFG accelerated the payment of all amounts due under the Lease as allowed by the terms of the Lease.

9. Defendant FPI owes TFG the total amount of $16,659,641.36 itemized as follows:

    a. $12,859,369.60 in outstanding rental payments;

    b. $2,293,951.79 in default interest;

    c. $115,040.58 in property tax;

    d. $173,601.45 in late fees;

    e. $1,883.00 in miscellaneous charges; and

    f. $1,215,794.94 in sales tax.

10. A security deposit previously held to secure Defendant FPI's obligations under the Lease in the amount of $2,660,800.00 was applied to those obligations as a result of the default.

11. TFG holds a prepaid rent deposit in the amount of $30,000.00.

12. The total amount that Defendant FPI owes TFG, minus the previously applied security deposit and the $30,000.00 prepaid rent deposit, is $13,968,841.36.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

DATED this 24th day of June, 2010.

_____
BRENT SKOUSEN

# Exhibit D

Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Attorneys for Plaintiff Tetra Financial Group, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FPI MB ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | **DECLARATION OF RICHARD F. ENSOR**<br><br>Case No. 2:09cv816<br><br>Judge Kimball |

I, Richard F. Ensor, declare as follows:

1. I am an attorney duly licensed to practice before this Court. I am the attorney for Plaintiff in this action, and am competent to testify regarding the matters set forth herein.

2. By its Complaint, Plaintiff seeks to recover amounts due and owing as a result of the breach of a lease agreement by Defendant FPI MB Entertainment, LLC ("Defendant FPI"). Specifically, Plaintiff seeks to obtain a judgment in the amount of $13,968,841.36, plus post-judgment interest and attorneys' fees and costs.

3. The Summons and Complaint in this action were served upon Defendant FPI on September 18, 2009 by hand-delivering copies to Scott LaScala, a person authorized to accept service for Defendant FPI. See proof of service at Docket No. 5.

4. Defendant FPI has not filed a pleading or otherwise defended in the time permitted by law.

5. Defendant FPI is neither a minor nor an incompetent person.

6. The total amount justly due and owing to Plaintiff from Defendant FPI as a result of its breach of the lease is $13,968,841.36.

7. Plaintiff is also entitled to recover post-judgment interest at the lease-specified rate of 18% until paid in full. See Exhibit A to the Complaint at ¶ 20(m).

8. I declare under penalty of perjury and under the laws of the State of Utah that the foregoing is true and correct.

EXECUTED this 25th day of June 2010 in Salt Lake City.

Respectfully submitted,

By: __/s/ Richard F. Ensor__
      Counsel for Plaintiff

# Exhibit E

Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

*Attorneys for Plaintiff Tetra Financial Group, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FPI MB ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | **[PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANT FPI MB ENTERTAINMENT, LLC**<br><br>Case No. 2:09cv816<br><br>Judge Kimball |

IT APPEARING FROM THE RECORD in the above-entitled action that:

Defendant FPI MB Entertainment, LLC has failed to plead or otherwise defend in the above-entitled matter; Defendant FPI MB Entertainment, LLC is not an infant or incompetent person; Defendant FPI MB Entertainment, LLC's default has been duly entered by the Clerk; and the amount of damaged caused by Defendant's breach of the parties' lease agreement is for a sum certain; and because Plaintiff has submitted the required documentation for entry of default judgment, it is hereby ORDERED, ADJUDGED AND DECREED that:

    1. Judgment is hereby entered in favor of Plaintiff Tetra Financial Group, LLC as against Defendant FPI MB Entertainment, LLC as follows:

        a.    For the sum of $13,968,841.36;

      b.      For post-judgment interest at the rate of 18% from the entry of this Judgment, as allowed by Section 20(m) of the Lease, until paid in full; and

      c.      For reasonable attorney's fees and costs incurred in Plaintiff's efforts to collect this judgment.

DATED this \_\_\_\_ day of _____, 2010.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH - CENTRAL DIVISION**

By: _____
      Judge Kimball